DELL, Judge.
Roy A. Glisson Realty, Inc. (Glisson) and Forum Realty, Inc. (Forum) appeal from a judgment in the amount of $295,854.74 for alleged negligence in the procurement of a tenant.
Appellee, Anne Marie Gilbert, entered into a six-month exclusive listing agreement with Glisson. The agreement provided for an asking price of $490,000 and a broker’s commission. Glisson placed the listing with a multiple listing service. Rodolfo Sanchez contacted Forum looking for a property to rent. A sales associate took . his name, work number, address and social security number. The sales representative spoke to Rip Glisson about the possibility of Sanchez renting appellee’s house. Glis-son told appellee of Sanchez’s interest in renting her house.
Appellee testified that she did not wish to rent, but after talking with her daughter, appellee changed her mind. Glisson and appellee disagreed as to whether he told her that he knew nothing about the prospective lessee. After appellee entered into a lease agreement with Sanchez, the bank dishonored Sanchez’s check for the first and last month’s rent and a $3,000 security deposit. Sanchez then paid Forum the $9,000 in cash. During the next three months Sanchez made late rent payments.
When Rip Glisson and appellee went to the property to investigate a report that the gate to the property had been damaged, they found the house abandoned and severely damaged with large pipes running from the pool through the living room and into the garage, large vats of ether and acetone in the garage and holes drilled through the garage and a doorway for the placement of pipes. They also found that carpet had been removed from one of the rooms and damaged in another, as well as damage to the pool area and to a number of the interior furnishings. The total cost of the repairs amounted to $5,563.88 of which appellee paid $2,473.00. Appellee filed suit seeking damages and alleging that appellants negligently procured a tenant for her property. The jury found in favor of appellee and awarded the sum of $2,095.18 for damage to the property, $16,-200 for loss of rental income, and $291,000 for Joss of equity and/or reduction in the value of the home. The trial court reduced the amount of the verdict by the percentage of appellee’s comparative negligence.
Appellants contend that the trial court erred when it failed to direct a verdict in their favor because a real estate broker may not be held liable for damage to the property because of negligent procurement of a lessee, if the broker discloses everything he knows about the lessee to his client. Appellants also contend that they are not liable for the loss of rental income and loss in equity and/or reduction in the value of the home.
As we see it, the facts of this case raise the question of whether a real estate broker may be held liable for negligence in failing to discover adverse factors concerning a prospective lessee where the record fails to show that a reasonably competent and diligent investigation would have disclosed that information. Appellants do not contest the duty of a broker to disclose information in the broker’s possession concerning a prospective lessee. However, appellants argue that in the absence of an express contractual undertaking, they have no affirmative obligation to discover adverse factors concerning the lessee. Ap-pellees respond to this argument by directing this court’s attention to the testimony of the expert witnesses presented by the parties.
Experts testified in response to questions pertaining to the code of the board of real *1031 estate and national code of ethics, that realtors have an affirmative obligation to discover adverse factors concerning a prospective tenant that a reasonably competent and diligent investigation would disclose. Appellees did not present any other evidence concerning the standards of the industry. We do not find sufficient evidence in this record for us to conclude that the standards of the industry require a broker to make a diligent investigation of a prospective tenant. Furthermore, the record does not contain any evidence showing that an independent investigation of Sanchez would have disclosed adverse information which would have affected appel-lee’s decision to lease her home to him.
Therefore, we hold that the trial court erred when it failed to direct a verdict in favor of appellants. See Salinetro v. Nystrom, 341 So.2d 1059, 1061 (Fla. 3d DCA 1977) (directed verdict in favor of defendant proper where it is not shown that the injury suffered by plaintiff was caused by the alleged wrongful act or omission to act by the defendant). In view of this holding we need not address the issues concerning damages. Accordingly, we reverse the judgment in favor of appellees and remand this cause to the trial court with instructions to enter judgment in favor of appellants.
REVERSED and REMANDED.
ANSTEAD and LETTS, JJ., concur.